UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2507(DSD/JMM)

Patricia E. Larson,

Plaintiff,

v.

**ORDER**

Seagate Technology, Inc. a Delaware corporation,

Defendant.

Sonja Dunnwald Peterson, Esq., Dunnwald Peterson Law Office, 412 South Fourth Street, Suite 1150E, Minneapolis, MN 55415, counsel for plaintiff.

James F. Baldwin, Esq., Huyen Le Phan, Esq., Shareen R. Luze, Esq. and Moss & Barnett, 90 South Seventh Street, Suite 4800, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant's motion for summary judgment [Docket No. 11]. For the following reasons, the court denies defendant's motion as to plaintiff's disability discrimination claim and grants defendant's motion as to plaintiff's intentional infliction of emotional distress claim.

**BACKGROUND**

Control Data Corporation ("CDC") originally hired plaintiff Patricia E. Larson on or about March 2, 1981, as an assembler. Plaintiff continued in her role as an assembler until the mid 1980s, when she was reassigned as a production operator. Her basic

FILED 12-7-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

function at that time was performing the operation known as Lapper. In the latter 1980s, this operation evolved into a function known as Bar Lapper. On or about September 30, 1989, defendant Seagate Technology, Inc., purchased Imprimis Technology, Inc., a wholly owned subsidiary of CDC. As of the purchase date, plaintiff became an employee of defendant as a Bar Lapper.

Plaintiff suffers from lumbar degenerative disc disease. Plaintiff incurred her disability in a number of work-related injuries. From September 1990 to the present, plaintiff's disability has prohibited her from working more than six hours per day. Beginning in 1988, plaintiff was put on a six hour a day work restriction by her doctor to accommodate her lumbar degenerative disc disease. From 1988 through September 1990, plaintiff and defendant attempted to increase her hours from time to time, but upon her doctor's advice, she remained at six hours per day from about September, 1990 to August, 1999. Plaintiff asserts that from 1990 to August 2, 1999, defendant provided plaintiff a reasonable accommodation for her disability, namely, allowing her to work reduced hours at a maximum of six hours per day as a Bar Lapper.

In approximately 1994, her department was converted from 8-hour shifts to 12-hour shifts. Plaintiff was reassigned to a shift that was composed of a cycle of three 12-hour days one week, and four 12-hour days the next week, repeated continuously in that sequence. Due to her disability, plaintiff was unable to work

these 12-hour shifts. Despite plaintiff's restricted hours, defendant had accommodated plaintiff's six-hour shifts for ten years.

In 1999, defendant informed plaintiff that it was unable to accommodate her reduced hours schedule. (Peterson Aff., Ex. I.) Defendant further informed plaintiff that she was being put on a leave of absence for six months, that she could not work until she could work 12-hour days and that she would be terminated if she could not return to work within the six-month period. At the end of the six-month period, defendant extended plaintiff's leave of absence for another six months. Because plaintiff could not work 12-hour shifts at the end of the six-month period, defendant terminated her employment on October 2, 2000.

Plaintiff sued defendant for discrimination under the Americans with Disability Act ("ADA") and for intentional infliction of emotional distress. Defendant now moves for summary judgment. The court denies defendant's motion for summary judgment on plaintiff's ADA claim and grants defendant's motion on plaintiff's emotional distress claim.

## DISCUSSION

### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**B. ADA Claim**

The ADA prohibits employers from discriminating on the basis of disability. 42 U.S.C. § 12112(b)(5)(A). The ADA defines the term "discriminate" to include:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an ... employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business ...

42 U.S.C. 12112(b)(5)(A).

In the absence of direct evidence of discrimination, the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) applies to claims brought under the ADA. Snow v. Ridgeview Medical Center, 128 F.3d 1201, 1205 (8th Cir. 1997). Under this framework, plaintiff must establish a prima facie case by showing that she (1) is "disabled" within the meaning of the ADA, (2) is a "qualified individual," meaning that she can perform the essential functions of the job with or without reasonable accommodation and (3) suffered an adverse employment action under circumstances giving rise to an inference of unlawful conduct. Id. at 1206.

If plaintiff establishes her prima facie case, the burden of production shifts to defendant to articulate legitimate, nondiscriminatory reasons for its actions. Id. If defendant successfully makes this showing, the burden of production shifts

back to plaintiff to demonstrate that defendant's pro-offered reason is a pretext for unlawful discrimination. Id. The ultimate burden of proving unlawful discrimination always rests with plaintiff. Id. at 1206.

In this case, plaintiff satisfies the first element of her prima facie case because, for purposes of this motion only, defendant concedes that plaintiff is disabled within the meaning of the ADA. Moreover, neither party appears to dispute the third element of plaintiff's prima facie case. As a result, the court will focus its analysis on the second element of plaintiff's claim. Because the court determines that a material fact is in dispute that goes to this element, the court concludes that summary judgment is not appropriate.

**1. Qualified Person with a Disability**

A material disputed fact exists with respect to the second element of plaintiff's prima facie case, namely whether defendant should have provided plaintiff with a part-time schedule. Accommodations mean "that an employer must be willing to consider making changes in its ordinary work rules, facilities, terms, and conditions in order to enable a disabled individual to work." Heise v. Genuine Parts Co., 900 F. Supp. 1137, 1153-54 (D. Minn. 1995) citing Vande Zande v. State of Wis. Dept. of Admin., 44 F.3d 538 (7th Cir. 1995). A reasonable accommodation is specifically defined under the ADA to include, part-time or modified work

schedules. 42 U.S.C. § 12111(9). In this case, a material disputed fact exists as to whether defendant should have offered a six-hour per day work schedule to plaintiff, especially in light of the fact that defendant had previously offered plaintiff a part-time schedule without undue hardship, or whether a twelve-hour shift is an essential function of plaintiff's job. As a result, summary judgment on plaintiff's ADA claim is inappropriate.

**C. Intentional Infliction of Emotional Distress**

Defendant claims that plaintiff failed to state a cognizable claim of intentional infliction of emotional distress ("IIED"). As a result, defendant requests summary judgment on this claim. Because the court determines that plaintiff has failed to establish a prima facie case of IIED, the court grants defendant's motion for summary judgment on this claim.

To establish a claim for IIED under Minnesota law, plaintiff must show: (1) extreme and outrageous conduct, (2) which is intentional and reckless and (3) that causes severe emotional distress. Heise v. Genuine Parts Co., 900 F. Supp. 1137 (D. Minn. 1995).

Plaintiff has provided no evidence of extreme and outrageous conduct by defendant. Courts have consistently found that termination, including wrongful termination, is not sufficiently extreme or outrageous to warrant tort liability. See 920 F. Supp. 1000, 1003 (D. Minn. 1996) citing Meyer v. Tencoorde Motor Co., 714

F. Supp. 991, 994 (D. Minn. 1996)(finding that "abrupt discharge without warning does not constitute extreme and outrageous conduct"); Corum v. Farm Credit Services, 628 F. Supp. 707, 718 (D. Minn. 1986)(finding that employer was not liable for termination without warning despite employee's severe emotional response).

Here, plaintiff alleges that defendant engaged in extreme and outrageous conduct when it unilaterally withdrew plaintiff's accommodation without notice, resulting in her subsequent termination, (Pl.'s Mem. Law Opp'n to Summ. J. at 24.) The court, however, finds that plaintiff has failed to provide any evidence of conduct related to defendant's withdrawal of plaintiff's accommodations or plaintiff's subsequent termination that is either extreme or outrageous. Consequently, the court grants summary judgment for the defendant on this claim.

## CONCLUSION

**IT IS HEREBY ORDERED THAT** defendant's motion for summary judgment [Docket No. 11] is denied in part and granted in part. Specifically, the court denies defendant's motion for summary judgment on plaintiff's ADA claim and grants defendant's motion for

summary judgment on plaintiff's intentional infliction of emotional distress claim.

Dated: December 7, 2001

David S. Doty, Judge
United States District Court